UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WELLS FARGO BANK, N.A., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 1:14-cv-05216 |
| D&R REAL ESTATE HOLDINGS, LLC, ) | |
| POOLS & SPAS, INC., LEISURE ) | Judge Joan B. Gottschall |
| PARTNERS, LTD., RICHARD J. MCNULTY, JR.,) | |
| DAVID J. YANG, NON-RECORD CLAIMANTS, ) | |
| UNKNOWN OWNERS, and ALL PERSONS IN ) | |
| POSSESSION OF THE LAND, ) | |
| ) | |
| Defendants. ) | |

## MOTION FOR JUDGMENT OF FORECLOSURE AND SALE BY DEFAULT

NOW COMES Plaintiff WELLS FARGO BANK, N.A. ("Wells Fargo"), by and through counsel, and for its Motion for Judgment of Foreclosure and Sale by Default, pursuant to Federal Rule Civil Procedure 55(b)(2) and 735 ILCS 5/2-1501 et seq., states as follows:

1. On July 9, 2014, Wells Fargo filed its Verified Complaint against D&R Real Estate Holdings, LLC ("D&R"), Pools & Spas, Inc. ("Pools & Spas"), Leisure Partners, Ltd. ("Leisure Partners"), Richard J. McNulty, Jr. ("McNulty"), David J. Yang ("Yang") (collectively, "the Defendants"), Non-Record Claimants, Unknown Owners, and All Persons in Possession of the Land, which includes a claim for Foreclosure of Mortgage as Count VI (the "Complaint"). Doc. 1, pp. 7-11.

2. By August 8, 2014, Wells Fargo had served this Court's Summons and the Complaint on the Defendants, pursuant to Federal Rule of Civil Procedure 4. See Docs. 8-12.

3. Under Federal Rule of Civil Procedure 12(a)(1)(A)(i), each Defendant had twenty-one (21) days from the date of service to answer or otherwise plead to the Complaint. Accordingly, the Defendants' responses were due, at the latest, by August 29, 2014.

4. The Defendants defaulted when they failed to file an answer or other responsive pleading by August 29, 2014. See Doc. 13; Fed. R. Civ. P. 12(a)(1)(A)(i).

5. As of October 16, 2014, the Defendants have still failed to file a responsive pleading to the Complaint. See Docket.

6. Pursuant to Federal Rule of Civil Procedure 8(b)(6), an allegation, other than one relating to the amount of damages, is admitted if a responsive pleading is required and the allegation is not denied. Therefore, the Defendants admit the following allegations contained in the Complaint.

   a. Wells Fargo is a national banking association registered under the laws of the United States with its headquarters located at 420 Montgomery Street, San Francisco, California 94104. Wells Fargo is chartered in the State of South Dakota.

   b. D&R is an Illinois limited liability company with its principal place of business located in Mount Prospect, Illinois.

   c. The members and managers of D&R are McNulty and Yang.

   d. Pools & Spas is an Illinois corporation with its principal place of business located in Bensenville, Illinois.

   e. Leisure Partners is an Illinois corporation with its principal place of business located in Bensenville, Illinois.

   f. McNulty is a citizen of the State of Illinois who resides in Mount Prospect, Illinois.

g. Yang is a citizen of the State of Illinois who resides in Mount Prospect, Illinois.

h. On July 25, 2008, Wells Fargo, as lender, and D&R and Pools & Spas, as borrowers, entered into a $930,000.00 Note identified as SBA Loan No. xxx xxx-xxx-5006 a/k/a Loan No. xxxxxxxxx-xxxxxx0026 (the "Note"), a true and correct copy of which is attached to the Complaint as Exhibit 1.

i. To induce Wells Fargo to enter into the Note, Leisure Partners personally guaranteed D&R's and Pools & Spas' obligations under the Note pursuant to an Unconditional Guarantee dated July 25, 2008 (the "Leisure Partners Guarantee"), a true and correct copy of which is attached to the Complaint as Exhibit 2.

j. To induce Wells Fargo to enter into the Note, McNulty personally guaranteed D&R's and Pools & Spas' obligations under the Note pursuant to an Unconditional Guarantee dated July 25, 2008 (the "McNulty Guarantee"), a true and correct copy of which is attached to the Complaint as Exhibit 3.

k. To induce Wells Fargo to enter into the Note, Yang personally guaranteed D&R's and Pools & Spas' obligations under the Note pursuant to an Unconditional Guarantee dated July 25, 2008 (the "Yang Guarantee"), a true and correct copy of which is attached to the Complaint as Exhibit 4. The Leisure Partners Guarantee, McNulty Guarantee, and Yang Guarantee are collectively referred to as the "Guarantees."

l. To secure D&R's and Pools & Spas' obligations under the Note, D&R granted Wells Fargo a Mortgage (the "Mortgage") against the property commonly known as 321 West Irving Park Road, Bensenville, Illinois 60106 (the "Real Property"), a true and correct copy of which is attached to the Complaint as Exhibit 5.

m. Pools & Spas leased and/or leases the Real Property from D&R.

n. On July 25, 2008, Pools & Spas, as lessee, D&R, as lessor, and Wells Fargo, as lender, entered into a Lessee's Assignment of Lease and Subordination, under which Pools & Spas subordinated all of its right, title, and interest in the Real Property to Wells Fargo's interest under the Mortgage (the "Lease Subordination"), a true and correct copy of which is attached hereto as Exhibit 6.

o. On August 22, 2008, Wells Fargo recorded the Mortgage with the DuPage County Recorder of Deeds as Document No. R2008-131003.

p. On November 30, 2011, Pools & Spas and Wells Fargo entered into a Correction to Loan Documents, under which the parties acknowledged a typographical error in the loan documents regarding Pools & Spas' legal name and corrected the error in the loan documents, effective July 25, 2008 (the "Correction to Loan Documents"), a true and correct copy of which is attached to the Complaint as Exhibit 7.

q. D&R and Pools & Spas failed to make payments when due under the Note.

r. D&R failed to pay real estate taxes on the Real Property when due.

s. Leisure Partners, McNulty, and Yang failed to make payments when due under the Guarantees.

t. Wells Fargo demanded payment from D&R and Pools & Spas under the Note, but they each failed and refused to make payments.

u. Wells Fargo demanded payment from Leisure Partners, McNulty, and Yang under the Guarantees, but they each failed and refused to make payments.

v. Failure to make timely payments is an event of default under Paragraph 4 of the Note.

w. Failure to pay real estate taxes when due is an event of default under the Mortgage.

x. In the event of default, Wells Fargo is entitled to payment of the entire balance due and owing under the Note, late charges of 5% for each payment due under the Note, possession of the Real Property, its attorneys' fees, and costs.

y. Under the Mortgage, Wells Fargo is entitled to foreclose on the Real Property if an event of default occurs under the Note.

z. Wells Fargo has performed all of its obligations under the Note, Guarantees, and Mortgage.

aa. D&R defaulted under the Note by failing to make payment when due under the Note and by failing to pay real estate taxes on the Real Property when due.

bb. Pools & Spas defaulted under the Note by failing to make payment when due.

cc. Leisure Partners defaulted under the Leisure Partners Guarantee by failing to make payments when due.

dd. McNulty defaulted under the McNulty Guarantee by failing to make payments when due.

ee. Yang defaulted under the Yang Guarantee by failing to make payments when due.

ff. Wells Fargo is entitled to foreclose the Mortgage due to the defaults of D&R and Pools & Spas under the Note and Mortgage.

See Doc. 1; Affidavit of Rhonda Szukalowski in Support of Damages and Pursuant to Illinois Supreme Court Rule 113(c), attached hereto as Exhibit A.

7. Upon information and belief, McNulty and Yang are not members of the United States' military services. See Affidavit as to Military Service, attached hereto as Exhibit B, ¶ 5.

8. Pursuant to the Note and Mortgage, D&R and Pools & Spas agreed that Illinois law would apply to any foreclosure action by Wells Fargo. See Ex. A, ¶ 26. Count VI of Wells Fargo's Complaint is brought under 735 ILCS 5/15-1101 et seq., which incorporates an allegation for breach of contract. See Doc. 1, ¶ 42; 735 ILCS 5/15-1504(c). The elements of breach of contract are: (1) the existence of a contract; (2) performance of all conditions to be performed by plaintiff; (3) breach by the defendant; and (4) damages to the plaintiff as a consequence thereof. Schubert v. Federal Exp. Corp., 306 Ill. App. 3d 1056, 1059, 715 N.E.2d 659, 662 (Ill. App. Ct. 1999). The undisputed facts establish that D&R and Pools & Spas breached the Note and Mortgage by failing to make payments when due and failing to pay real estate taxes when due. See Ex. A, ¶¶ 11, 15, 21, 22, 31, 32.

9. As a result of D&R's and Pools & Spas' defaults under the Note and Mortgage, Wells Fargo suffered damages in the amount of $821,216.71 through October 14, 2014 and is entitled to a judgment of foreclosure and sale as to the Real Property. See Ex. A, ¶¶ 32, 30; 735 ILCS 5/2-1501 et seq.

10. Pursuant to Paragraph 6B of the Note, Wells Fargo is entitled to attorneys' fees and costs in the amount of $18,512.04. See Ex. A, ¶ 11; Affidavit of Michael Debre in Support of Attorneys' Fees and Costs, attached hereto as Exhibit C, ¶¶ 6, 8.

WHEREFORE, Wells Fargo Bank, N.A. respectfully requests that the Court:

a. Grant Wells Fargo's Motion for Entry of Judgment of Foreclosure and Sale, pursuant to Federal Rule Civil Procedure 55(b)(2) and 735 ILCS 5/2-1501 et seq.;

b. Enter a Judgment of Foreclosure and Sale in favor of Wells Fargo Bank, N.A. and against D&R Real Estate Holdings, LLC, Pools & Spas, Inc., Leisure Partners, Ltd., Richard J. McNulty, Jr., David J. Yang, Non-Record Claimants, Unknown Owners, and All Persons in Possession of the Land;

c. Appoint The Judicial Sales Corporation as Special Commissioner for the purposes of conducting a foreclosure sale of the Real Property in accordance with those terms set forth in the Judgment of Foreclosure;

d. Strike the October 30, 2014 status hearing; and

e. Grant any further relief as this Court deems just and appropriate.

Respectfully submitted,

WELLS FARGO BANK, N.A.,

Dated: October 16, 2014      By: /s/ Michael W. Debre
                                 One of Its Attorneys

Thomas V. Askounis, Esq.
Debra Devassy Babu, Esq.
Michael W. Debre, Esq.
ASKOUNIS & DARCY, PC
444 N. Michigan Ave., Suite 3270
Chicago, Illinois 60611
T: 312-784-2400
F: 312-784-2410
taskounis@askounisdarcy.com
ddevassy@askounisdarcy.com
mdebre@askounisdarcy.com